**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **SALEM POINTE CAPITAL, LLC.** | ) | **Case No. 3:24-bk-31702-SHB** |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |

---

**NOTICE OF HEARING**

**Notice of hereby given that:**

**A hearing will be held on the Rarity Bay Partners' Motion to Dismiss the Chapter 11 Case on, June 11, 2026 at 10:00 a.m. in United States Bankruptcy Courtroom 1-C, Howard H. Baker, Jr., U.S. Courthouse, 800 Market Street, Suite 330, Knoxville TN 37902.**

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing.  If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

---

**RARITY BAY PARTNERS' MOTION TO DISMISS THE CHAPTER 11 CASE**

Rarity Bay Partners ("RBP"), a secured creditor in this Chapter 11 Case, by and through counsel, submits this Motion to Dismiss the bankruptcy case of Debtor Salem Pointe Capital, LLC (the "Debtor"), pursuant to 11 U.S.C. § 1112(b)(1), and states as follows in support thereof:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 29, 2024.  The Debtor has yet to file a plan.

3. RBP is a secured creditor of the Debtor.

11226470:v2

4. On August 13, 2025, Gary M. Murphey (the "Trustee") was appointed as the Chapter 11 Trustee in this matter and currently serves in that capacity. *See* (Dkt. 625).

5. A creditor may move for the dismissal of a Chapter 11 case or the conversion of the case under Chapter 7 "for cause" pursuant to 11 U.S.C. § 1112. Section 1112(b)(4) contains an illustrative list of scenarios that constitute "cause" to dismiss a case. Those scenarios include: (1) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (2) failure to file or confirm a plan within the time fixed by this title or by order of the court; and (3) failure to pay any fees or charges required under chapter 123 of title 28. "Because the [section 1112(b)(4)] list of grounds is not all-inclusive, the court may consider other grounds as they arise, and may use its equitable powers to reach an appropriate result." *In re Lady Bug Corp.*, 500 B.R. 556, 562 (Bankr. E.D. Tenn. 2013) (citation omitted). There is "no substantive difference" between what constitutes cause under a motion to dismiss and a motion to terminate stay. *See id.* (quoting *Laguna Assocs. Ltd. v. Aetna Cas. Sur. Co. (In re Laguna Assocs. Ltd.)*, 30 F.3d 734, 737–38 (6th Cir. 1994)).

6. Upon a showing of cause, the Court *must* dismiss the Debtor's Chapter 11 case "absent unusual circumstances specifically identified by the court that establish that the requested . . . dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(l); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (noting the statutory language change "from permissive to mandatory").

7. Here, it is in the best interests of the estate to dismiss this case, as additional bankruptcy proceedings of any kind will further drain an estate that is collapsing under the weight of its own administration and has no possibility of successful reorganization.

8.    As the Chapter 11 bankruptcy drags on, the Debtor's estate is suffering substantial loss and diminution, and there is no reasonable likelihood of rehabilitation.

9.    Upon information and belief, the Debtor is administratively insolvent. The Trustee has stated, on numerous occasions, that the estate has "limited liquidity" and has been at risk of insolvency for some time. *See, e.g.*, (Dkt. 869, at 5).  Debtor's current equity (negative $33 million), *see* March Operating Report (Dkt. 867), coupled with its continually accruing administrative expenses (including litigation costs, which RBP, upon information and belief, avers is in excess of $850,000.00 when considering approved fees, filed fee applications and estimated fees that have not been filed to date), shows that Debtor's chance of a successful reorganization is implausible.  "Although section 1112(b)(4) does not list administrative insolvency as a cause to convert or dismiss a chapter 11 case, a court may still consider this factor."  *In re Fleetstar LLC*, 614 B.R. 767, 781 (Bankr. E.D. La. 2020) (quoting *In re BH S & B Holdings, LLC*, 439 B.R. 342, 349 (Bankr. S.D.N.Y. 2010).  And in fact, administrative insolvency is a strong reason to dismiss a Chapter 11 case, because "administrative insolvency suggests diminution in the value of the estate, thereby precluding all creditors from achieving maximum economic value." *BH S & B Holdings*, 439 B.R. at 350.

10.    Further, there is a true question of whether the Debtor is cash-flowing positively, (1) January 2026, the Net Cash Flow was ($92,970.00), *see* (Dkt. 769, at 14); (2) February 2026, the Net Cash Flow was ($14,037.00), *see* (Dkt. 770, at 14) and (3) March 2026, the Net Cash Flow showed $140,376.00, but after removing the uncleared payroll the actual Net Cash Flow would be $5,318, *see* (Dkt. 867, at 14), which is $101,689.00 in negative cash flow through March 31, 2026.

11.     The Chapter 11 process is simply not working for the Debtor.  This case has been pending for over a year and a half, and Debtor has yet to propose a plan—much less one that is confirmable.

12.     Debtor did propose an asset sale (Dkt. 774, the "Sale Motion"); however, the Sale Motion has now been withdrawn.  Debtor does not currently have a pending sale motion, and has stated only that it "expects to file a new Sale Motion in the next few weeks, possibly with a new Stalking Horse Bidder." Dkt. 908 at 1.  However, experience tells us that any new sale motion will be subject to a multitude of objections, like every other filing in this case.

13.     Even if a Sale Motion is filed and approved, it is unclear if a sale will generate any proceeds for the estate, since the assets proposed to be sold are subject to RBP's perfected security interest.  *See* Proofs of Claim No. 4 and 5.

14.     Given that progress is all but stagnant, dismissal is the only practical outcome.  *See In re Midwest Commc'ns Inc.*, 269 B.R. 40, 43 (Bankr. N.D. Iowa 2001) (dismissing Chapter 11 case after seven months of no plan, administrative insolvency, and noting that "when there is no reasonable possibility of an effective reorganization, the bankruptcy court is not required to wait for any specific time period. This is particularly so when a debtor is administratively insolvent, the debt load is continuing to increase and the rights of creditors are being impaired").

15.     RBP, the party that holds a lien on all cash collateral, revokes consent for the Debtor to use cash collateral as permitted by Consent Order (I) Authorizing Use of Cash Collateral and (II) Granting Adequate Protection (Dkt. 580) (the "Cash Collateral Order").  RBP will seek termination of the use of continued cash collateral by requesting an emergency hearing with the Court as required by the Cash Collateral Order. Without use of cash collateral, Debtor cannot maintain operations, let alone pursue reorganization.

16.     Finally, upon information and belief, based on RBP's review of filed Operating Reports, the Debtor is also delinquent on payment of its quarterly fees to the United States Trustee. Courts routinely hold that this is grounds for dismissal. *See, e.g. In re Chandni, LLC*, 570 B.R. 530, 532 (Bankr. W.D. La. 2017) ("Failure to pay the quarterly U.S. Trustee's fee is a ground to convert or dismiss the case under 11 U.S.C. § 1112(b)(4)(K).")

17.     What's more, this failure to pay the required fees not only demonstrates the Debtor's administratively insolvency, but also counsels for dismissal as opposed to conversion, as continuing in bankruptcy will only serve to bury Debtor deeper in administrative costs. *See, e.g., In re Partners In Hope, Inc.*, 662 B.R. 120, 133 (Bankr. D.S.C. 2024) (holding that dismissal was preferable to conversion "given any additional professional fees would only deepen Debtor's administrative insolvency at this point.").

WHEREFORE, RBP requests that the Court dismiss the case, and that RBP be granted any other relief this Court determines is just and proper.

Respectfully submitted this 11th day of May, 2026.

> WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
>
> */s/ M. Aaron Spencer*
> M. Aaron Spencer, BPR No. 029911
>
> P.O. Box 900
> Knoxville, Tennessee 37901
> Telephone: (865)215-1000
> Fax: (865)215-1001
> Email: aspencer@wmbac.com
>
> and

STITES & HARBISON, PLLC

*/s/ Erika R. Barnes*
Erika R. Barnes (BPR #028628)
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com
*Attorneys for Rarity Bay Partners*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, a copy of the foregoing **Rarity Bay Partners' Motion to Dismiss Chapter 11 Case** and **Proposed Order Granting Rarity Bay Partners' Motion to Dismiss Chapter 11 Case** were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties as indicated below as receiving notice via electronic filing. All other parties listed will receive notice pursuant to the Pleadings by regular U.S. mail as indicated below. Parties may access this filing through the Court's electronic filing system.

| | | |
|---|---|---|
| James R. Moore, Esq.<br>Brenda G. Brooks, Esq.<br>Moore and Brooks<br>6223 Highland Place Way<br>Suite 102<br>Knoxville, TN 37919<br>*Attorneys for the Debtor*<br>***Via Electronic Filing*** | Salem Pointe Capital, LLC<br>403 Rarity Bay Parkway<br>Vonore, TN 37885<br>*Debtor*<br>***Via Electronic Filing Pursuant to Doc. No. 4 – Debtor Requests to Begin Electronic Noticing*** | William R. O'Bryan, Jr., Esq.<br>C.E. Hunter Brush, Esq.<br>Butler Snow LLP<br>150 Third Avenue South, Ste. 1600<br>Nashville, TN 37201<br>*Attorneys for BEP Rarity Bay, LLC Bald Eagle Ventures, LLC, et al.*<br>***Via Electronic Filing*** |
| United States Trustee<br>c/o Tiffany A. DiIorio, Esq.<br>800 Market Street, Suite 114<br>Howard H. Baker Jr.<br>U.S. Courthouse<br>Knoxville, TN 37902<br>***Via Electronic Filing*** | Thomas H. Dickenson, Esq.<br>Jason L. Rogers, Esq.<br>Hodges, Doughty & Carson, PLLC<br>P.O. Box 869<br>Knoxville, TN 37901<br>*Attorneys for ORNL FCU*<br>***Via Electronic Filing*** | Erno Lindner, Esq.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>633 Chestnut Street, Suite 1900<br>Chattanooga, TN 37450<br>*Attorney for Kapitus, LLC*<br>***Via Electronic Filing*** |
| Mary D. Miler, Esq.<br>Miller Law<br>Mary D. Miller, PLLC<br>P.O. Box 52227<br>Knoxville, TN 37950<br>*Attorney for John D. Wood and Kim R. Wood, Trustees, Bart Whitman, Donna Harless, Ed Harless, Richard E. Hoban, et al.*<br>***Via Electronic Filing*** | Tennessee Department of Revenue<br>c/o TN Attorney General's Office<br>Bankruptcy Division<br>c/o William McCormick, Esq.<br>P.O. Box 20207<br>Nashville, TN 37202<br>***Via Electronic Filing*** | Michael W. Ewell, Esq.<br>Frantz, McConnell & Seymour, LLP<br>550 W. Main Street, Suite 500<br>Knoxville, TN 37902<br>*Attorney for Rarity Bay Community Association, Inc.*<br>***Via Electronic Filing*** |

Adam Uriah Holland, Esq.
Duncan, Holland, & Fleenor, P.C.
518 Georgia Avenue, Ste. 100
Chattanooga, TN 37403
*Attorney for Barbara Keller Taylor and Charlton Taylor*
**Via Electronic Filing**

Wynne du Mariau Caffey-Knight, Esq.
Trent R. Kinkaid, Esq.
Elmore, Stone & Caffey, PLLC
5616 Kingston Pike, Ste. 301
Knoxville, TN 37919
*Attorneys for Salem Pointe Partners now known as Rarity Bay Partners*
**Via Electronic Filing**

Mary D. Miler, Esq.
Miller Law
Mary D. Miller, PLLC
P.O. Box 52227
Knoxville, TN 37950
*Attorney for The Club at Rarity Bay, Inc.*
**Via Electronic Filing**

Gary M. Murphey
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
*Chapter 11 Trustee*
**Via Electronic Filing**

Paul G Jennings, Esq.
Gene L. Humphreys, Esq.
Sara K. Morgan
Bass Berry & Sims PLC
21 Platform Way, Suite 3500
Nashville, TN 37203
*Attorneys for Gary M. Murphey, Chapter 11 Trustee*
**Via Electronic Filing**

Melanie E. Davis, Esq.
Kizer & Black, Attorneys, PLLC
217 E. Broadway Avenue
Maryville, TN 37804
*Attorneys for Russell Lorts and Traci Lorts, et al.* (See Attached List)
**Via Electronic Filing**

Austin L. McMullen, Esq.
William L. Norton, III, Esq.
Bradley Arant Boult Cummings, LLP
1221 Broadway, Ste. 2400
Nashville, TN 37203
*Attorneys for Russell Lorts and Traci Lorts, et al.*
**Via Electronic Filing**

See Attached Mailing Matrix.

*/s/ M. Aaron Spencer*
M. Aaron Spencer, Esq., BPR No. 029911