**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION AT KNOXVILLE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **SALEM POINTE CAPITAL, LLC,** | ) | **Case No. 3:24-bk-31702-SHB** |
| | ) | **Chapter 11** |
| Debtor. | ) | |

---

**NOTICE OF HEARING**

**Notice of hereby given that:**

**A hearing will be held on the Rarity Bay Partners' Amended Motion for Relief from the Automatic Stay with Respect to its Lien on the Declarant Rights on, September 24, 2026 at 10:00 a.m. in United States Bankruptcy Courtroom 1-C, Howard H. Baker, Jr., U.S. Courthouse, 800 Market Street, Suite 330, Knoxville TN 37902.**

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing.  If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

---

**RARITY BAY PARTNERS' AMENDED MOTION FOR RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO ITS LIEN ON THE DECLARANT RIGHTS**

Comes now Rarity Bay Partners ("RBP"), a secured creditor in this Chapter 11 Case, by and through counsel, and moves this Court pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a), and E.D. Tenn. LBR 4001-1, 4001-4 and 9013(f) for relief from the automatic stay against Salem Pointe Capital, LLC (the "Debtor").  RBP seeks an Order of the Court terminating the automatic stay to allow RBP to exercise its state law and contractual rights with respect to its lien on the Declarant Rights, and states as follows in support thereof:

**JURISDICTION**

1.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. § 157(b).

6942024.2

**BACKGROUND**

2.      The Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 29, 2024.

3.      RBP is a secured creditor of the Debtor.

4.      The Debtor and ORNL Federal Credit Union ("Original Lender") entered a Promissory Note, Loan Agreement, and related documents dated November 7, 2023, pursuant to which the Debtor granted Original Lender a security interest in, among other things, contracts and general intangibles, include specifically the Declarant Rights.

5.      Original Lender perfected its interest by filing a UCC-1 Financing Statement in the Office of the Tennessee Secretary of State at UCC1 Doc. No. 439359573 and further by filing a UCC-1 Financing Statement in the Office of the Tennessee Secretary of State at UCC1 Doc. No. 439359606 (collectively, the "Filed UCC-1 Financing Statements"). A true and exact copy of the pertinent portions as required under E.D. Tenn. LBR 4001-1(b) of the Filed UCC-1 Financing Statements is attached hereto as Collective Exhibit A.

6.      On November 7, 2024, Original Lender filed Proof of Claim No. 4, with the Promissory Note, Assignment of Rents and Leases, UCC-1 Financing Statements and Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases attached thereto ("Claim No. 4").  A true and exact copy of Claim No. 4, along with the pertinent portions of the attached loan documents for this Motion as required under E.D. Tenn. LBR 4001-1(b) are attached hereto as Exhibit B.

7.      Claim No. 4 expressly states that the unpaid balance on that loan was $6,438,445.04 as of the date of the bankruptcy filing on September 29, 2024.

8.      On November 7, 2024, Original Lender filed Proof of Claim No. 5, with the Revolving Promissory Note, Loan Agreement, Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases attached thereto ("Claim No. 5").  A true and exact copy of Claim No. 5, along

with the pertinent portions of the attached loan documents for this Motion as required under E.D. Tenn. LBR 4001-1(b) are attached hereto as Exhibit C.

9.     Claim No. 5 expressly states that the unpaid balance on that loan was $250,328.77 as of the date of the bankruptcy filing on September 29, 2024.

10.     On December 30, 2024, Original Lender filed a secured Proof of Claim No. 16 with an unpaid balance on that loan in the amount of $476,376.58 as of the date of the bankruptcy filing on September 29, 2024 ("Claim No. 16").  *See* Claim No. 16.

11.     By Assignment of Promissory Note, Deed of Trust and Collateral Documents dated November 17th, 2025, Original Lender transferred its right, title, and interest in the Note, Loan Agreement, and related documents to RBP.

12.     RBP filed transfers of Claim No. 4, Claim No. 5 and Claim No. 16 in the bankruptcy to reflect the assignment.  Dkt Nos. 685, 687 and 689.

13.     RBP remains the holder of the promissory notes and related loan documents and is the party entitled to enforce said Promissory Notes and loan documents.

### RELIEF REQUESTED

14.     By this Motion, and pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(1), RBP seeks entry of the tendered order terminating the automatic stay with respect to the Declarant Rights to permit RBP to exercise its state law and contractual rights.

### GROUNDS FOR RELIEF

15.     Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> *(d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:*
>
> *(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest; or*

3

*(2)      with respect to a stay of an act against property under subsection (a) of this section, if:*

*(A) the debtor does not have equity in such property; and*
*(B) such property is not necessary for an effective reorganization . . .*

16.     Relief from the stay pursuant to Section 362(d) may be granted if a party in interest can demonstrate "cause," or can demonstrate that the debtor has no equity in the property and that the property is not necessary for an effective reorganization.

17.     The Debtor must establish that it is attempting to reorganize within a reasonable time, that reorganization is feasible, and that the property subject to the Motion is necessary for its reorganization.  *In re Shivshankar P'ship LLC*, 517 B.R. 812, 820 (Bankr. E.D. Tenn. 2014).  "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, [the] property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." *Id.* (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988)).  "[A]t a minimum, they must show that they are 'moving meaningfully to propose a plan of reorganization' that has a 'realistic chance of being confirmed.'" *In re Morton*, No. 3:15-BK-30892-SHB, 2015 WL 4396719, at *4 (Bankr. E.D. Tenn. July 17, 2015) (quoting *In re Ashgrove Apts. of Delakb County, Ltd.*, 121 B.R. 752, 756–57 (Bankr. S.D. Ohio 1990)).

18.     Here, Rarity Bay Partners asserts that the Declarant Rights are more burden than benefit to the bankruptcy estate based on the representations made throughout this case by parties in interest. As this Court is aware, some parties have challenged whether the Declarant Rights are property of the bankruptcy estate, and others have further reasoned that any transfer of the Debtor's interest in the Declarant Rights would be a transfer of an empty sack. Pursuant to the loan documents, RBP has a perfected lien on the Declarant Rights.  Moreover, the Trustee's market analysis determined that the Declarant Rights "have no bearing on the marketability or value of the Club and

4

its assets." (Dkt. 868, at p. 8).  Plus, any potential value of the Declarant Rights to the Debtor is belied by the litigation costs the Debtor would incur adjudicating the Rights.  (*See* Dkt. 868, at p. 11).

19.    The Debtor cannot establish that reorganization is feasible, nor that the Declarant Rights are necessary for a reorganization.  What's more, there are not even speculative benefits for the Debtor to the Declarant rights in a liquidation scenario.

20.    Even if the Debtor had a feasible path to reorganization, the Declarant Rights would not be necessary for reorganization.  The Debtor, nor any other party, has yet to propose a plan— much less a plan that suggests the Declarant Rights are integral to a successful reorganization.  In fact, on June 4, 2026, a Second Motion by Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 363(B), (F), (K), and (M), and 365 and Fed. R. Bankr. P. 2022, 6004, to: (A) Approve Sale Procedures, (B) Schedule a Sale Approval Hearing and Objection Deadline, (C) Approve the Form of Notices of the Motion to Sell, the Sale Approval Hearing, and Objection Deadline, and (D) Approve Procedures to Establish Certain Cure Amounts for Executory Contracts and Unexpired Leases that May be Assumed and a Notice Related thereto; (E) Approve the Sale of Certain Assets Free and Clear of Claims, Liens and Encumbrances, and Other Interests; (F) Approve the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Sale Motion") and it appears in the Sale Motion that the Trustee is not attempting to sell the Declarant Rights, which seems to indicate that they are not necessary for an effective reorganization (*See* Dkt. 938).  "Necessity and the prospect of an effective reorganization are intertwined concepts."  *In re DB Cap. Holdings, LLC*, 454 B.R. 804, 819 (Bankr. D. Colo. 2011). Thus, the necessity of the Declarant Rights is only necessary to the extent there is a possibility of an effective reorganization.  *See ibid.*

21.    Now that the bankruptcy has been pending for well over one and a half years, the Debtor must show that a successful reorganization is probable.  *See id.* As this case progresses further

from the entry of the order for relief, it is becoming clear that the Debtor's chance of a successful reorganization involving the Declarant Rights is not plausible—much less probable.

22. Accordingly, the Declarant Rights cannot be essential for an effective reorganization that is nowhere in prospect.

23. RBP further requests that the 14-day stay prior to enforcement of the requested order for relief from stay pursuant to Bankruptcy Rule 4001(a)(4) be waived.

24. RBP has attached hereto as exhibits pertinent portions and/or excerpts of the loan documents as required under E.D. LBR 4001-1(b).  Primarily removing the property description of the golf course from the attachments.  To the extent that any party requests those documents in full, please email me requesting the full portion of the documents.

WHEREFORE, RBP requests that the Court terminate the automatic stay so that it can exercise its state law remedies with respect to its lien on the Declarant Rights, that the order not be stayed for the 14-day period specified by Federal Rule of Bankruptcy Procedure 4001(a)(4), and that RBP be granted any other relief this Court determines is just and proper.

Respectfully submitted this 23rd day of June, 2026.

WOOLF, MCCLANE, BRIGHT, ALLEN &
  CARPENTER, PLLC

/s/ M. Aaron Spencer
M. Aaron Spencer, BPR No. 029911

P.O. Box 900
Knoxville, Tennessee 37901
(865) 215-1000
(865) 215-1001 (fax)
aspencer@wmbac.com

*Attorneys for Rarity Bay Partners*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, a copy of the foregoing **Rarity Bay Partners' Amended Motion for Relief from the Automatic Stay with Respect to Its Lien on the Declarant Rights** and **Proposed Order Granting Rarity Bay Partners' Amended Motion for Relief from Automatic Stay with Respect to Its Lien on the Declarant Rights** were filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties as indicated below as receiving notice via electronic filing.  All other parties listed will receive notice pursuant by regular U.S. mail as indicated below.  Parties may access this filing through the Court's electronic filing system.

James R. Moore, Esq.
Brenda G. Brooks, Esq.
Moore and Brooks
6223 Highland Place Way
Suite 102
Knoxville, TN 37919
*Attorneys for the Debtor*
***Via Electronic Filing***

United States Trustee
c/o Tiffany A. DiIorio, Esq.
800 Market Street, Suite 114
Howard H. Baker Jr.
U.S. Courthouse
Knoxville, TN  37902
***Via Electronic Filing***

Mary D. Miler, Esq.
Mary D. Miller, PLLC
P.O. Box 52227
Knoxville, TN 37950
*Attorney for John D. Wood and Kim R. Wood, Trustees, Bart Whitman, Donna Harless, Ed Harless, Richard E. Hoban, et al.*
***Via Electronic Filing***

Salem Pointe Capital, LLC
403 Rarity Bay Parkway
Vonore, TN 37885
*Debtor*
***Via Electronic Filing Pursuant to Doc. No. 4 – Debtor Requests to Begin Electronic Noticing***

Thomas H. Dickenson, Esq.
Jason L. Rogers, Esq.
Hodges, Doughty & Carson, PLLC
P.O. Box 869
Knoxville, TN 37901
*Attorneys for ORNL FCU*
***Via Electronic Filing***

Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
c/o William McCormick, Esq.
P.O. Box 20207
Nashville, TN 37202
***Via Electronic Filing***

William R. O'Bryan, Jr., Esq.
C.E. Hunter Brush, Esq.
Butler Snow LLP
150 Third Avenue South, Ste. 1600
Nashville, TN 37201
*Attorneys for BEP Rarity Bay, LLC Bald Eagle Ventures, LLC, et al.*
***Via Electronic Filing***

Erno Lindner, Esq.
Baker,    Donelson,    Bearman,
Caldwell & Berkowitz, PC
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
*Attorney for Kapitus, LLC*
***Via Electronic Filing***

Michael W. Ewell, Esq.
Frantz,  McConnell  &  Seymour,
LLP
550 W. Main Street, Suite 500
Knoxville, TN 37902
*Attorney for Rarity Bay Community Association, Inc.*
***Via Electronic Filing***

7

Adam Uriah Holland, Esq.
Duncan, Holland, & Fleenor, P.C.
518 Georgia Avenue, Ste. 100
Chattanooga, TN 37403
*Attorney for Barbara Keller Taylor and Charlton Taylor*
***Via Electronic Filing***

Wynne du Mariau Caffey-Knight, Esq.
Trent R. Kinkaid, Esq.
Elmore, Stone & Caffey, PLLC
5616 Kingston Pike, Ste. 301
Knoxville, TN 37919
*Attorneys for Salem Pointe Partners now known as Rarity Bay Partners*
***Via Electronic Filing***

Mary D. Miler, Esq.
Miller Law
Mary D. Miller, PLLC
P.O. Box 52227
Knoxville, TN 37950
*Attorney for The Club at Rarity Bay, Inc.*
***Via Electronic Filing***

Gary M. Murphey
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
*Chapter 11 Trustee*
***Via Electronic Filing***

Paul G Jennings, Esq.
Gene L. Humphreys, Esq.
Sara K. Morgan
Bass Berry & Sims PLC
21 Platform Way, Suite 3500
Nashville, TN 37203
*Attorneys for Gary M. Murphey, Chapter 11 Trustee*
***Via Electronic Filing***

Melanie E. Davis, Esq.
Kizer & Black, Attorneys, PLLC
217 E. Broadway Avenue
Maryville, TN 37804
*Attorneys for Russell Lorts and Traci Lorts, et al.*
***Via Electronic Filing***

Austin L. McMullen, Esq.
William L. Norton, III, Esq.
Bradley Arant Boult Cummings, LLP
1221 Broadway, Ste. 2400
Nashville, TN 37203
*Attorneys for Russell Lorts and Traci Lorts, et al.*
***Via Electronic Filing***

Ronald J. Attanasio, Esq.
625 Market Street, Suite 700
Knoxville, TN 37902
*Attorneys for Eric and Karen Hinkle*
***Via Electronic Filing***

Raistone Purchasing LLS
Series XXVII
Innovation Refunds LLC
4350 Westown Parkway, Ste. 300
West Des Moines, IA 50266
*Scheduled Secured Creditor*
***Via First Class Mail***

U.S. Bank Equipment Finance
1310 Madrid Street
Marshall, MN 56258-4099
*Scheduled Secured Creditor*
***Via First Class Mail***

U.S. Small Business Administration
c/o David Higgs, Esq.
2 International Plaza, Suite 500
Nashville, TN 37217-2021
*Scheduled Secured Creditor*
***Via First Class Mail***

Wells Fargo
P.O. Box 105743
Atlanta, GA 30348-5743
*Scheduled Secured Creditor*
***Via First Class Mail***

U.S. Department of Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
*Notice Pursuant to LBR 4001-4*
***Via First Class Mail***

Beard Equipment Company
248 East I-64 Service Road North
Mobile, AL 36617
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Fisher Russell PLLC
10265 Kingston Pike, Suite C
Knoxville, TN 37922
*20 Largest Unsecured Creditor*
***Via First Class Mail***

8

Golfco International
6311 143rd Avenue NE
Redmond, WA 98052
*20 Largest Unsecured Creditor*
***Via First Class Mail***

JS Held LLC
50 Jericho
Quadrangle, Ste. 117
Jericho, NY 11753
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Kramer Rayson LLP
c/o Tom Hale, Esq.
P.O. Box 629
Knoxville, TN 37901
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Bank of America
P.O. Box 15019
Wilmington, DE 19886
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Loudon Utilities
2360 TN-72
Loudon, TN 37774
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Mountain Commerce Bank
PO Box 4521
Carol Stream, IL 60197
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Short Mountain Silica
PO Box 1056
Sandersville, GA 31082
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Simplot Birmingham
P.O. Box 841136
Los Angeles, CA 90084
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Tarver Distributing
8360 Hiwassee Street
Charleston, TN 37310
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Taylor Made
5545 Fermi Court
Carlsbad, CA 92008
*20 Largest Unsecured Creditor*
***Via First Class Mail***

Tennessee Turf Services LLC
537 S. Pawnee Drive
Springfield, TN 37172
*20 Largest Unsecured Creditor*
***Via First Class Mail***

US Foods Inc.
P.O. Box 602224
Charlotte, NC 28260
*20 Largest Unsecured Creditor*
***Via First Class Mail***

/s/ M. Aaron Spencer
M. Aaron Spencer, Esq., BPR No. 029911