# **EXHIBIT F**

**EXHIBIT G**
**(Form of Assumption and Assignment Procedures and Notice)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 24-31702-SHB** |
| **SALEM POINTE CAPITAL, LLC,** | ) |
| | ) **Chapter 11** |
| **Debtor.** | ) |
| | ) |

**NOTICE OF (I) TRUSTEE'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) RELATED CURE AMOUNTS**

PLEASE TAKE NOTICE THAT:

PLEASE TAKE NOTICE THAT upon the motion (Dkt. 938, the "Motion to Sell"), of Gary M. Murphy, Chapter 11 Trustee (the "Trustee") for Salem Pointe Capital, LLC ("SPC" or the "Debtor"), dated June ——4, 2026, the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") has issued an order dated ————————,June____ 2026 (Dkt. ___, the "Sale Procedures Order"): (i) approving certain procedures for the submission and acceptance of any competing bids including a Bid Deadline and an Auction Date (the "Sale Procedures"); (ii) scheduling a hearing (the "Sale Approval Hearing") to approve (a) the sale of substantially all the Debtor's assets (the "Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers; and (b) the assumption, assignment, and sale to the Successful Bidder of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assigned Agreements"); (iii) approving a procedure and notice for assumption and assignment of the Assigned Agreements; (iv) approving the form and manner of notice of the Motion to Sell and the relief requested therein to be considered at the Sale Approval Hearing; and (v) setting a deadline for the filing of objections to the Motion to Sell related to the relief to be considered at the Sale Approval Hearing. Copies of the Motion to Sell may be obtained from the Trustee's counsel below.

The Motion to Sell contemplates, and the proposed order approving the Motion to Sell (the "Sale Approval Order"), if approved, shall authorize the assumption and assignment to the Successful Bidder of certain Contracts and Leases pursuant to Section 365 of title 11, United States Code (the "Bankruptcy Code"). The Debtor maintains a schedule containing Contracts and Leases that the Debtor may assume and assign to the Successful Bidder (collectively, the "Assumable Executory Contracts").

**You are receiving this Notice because you are a party to one or more of the Assumable Executory Contracts. Please review this notice carefully as it affects your rights under your Assumable Executory Contract with SPC. The attached Exhibit 1 contains a list of Assumable Executory Contracts that may be assumed. The Successful Bidder reserves the right to exclude any Assumable Executory Contract from the list of Assumable Executory Contracts to be assumed and assigned by no later than the Designation Deadline discussed below. Please review the Cure Amount on Exhibit 1 to this notice (if any) for your Assumable Executory Contract. If there is no Exhibit 1 to this notice, the Cure Amount is zero. If you agree with the respective Cure Amount on Exhibit 1 and otherwise do not object to the Debtor's assumption and assignment of your Contract, you are not required to take any further action.**

Any Objection to the proposed assumption and assignment of an Assumable Executory Contract (the "Contract Objection"), which would include any objection to the Cure Amount, must be made in writing and filed with the United States Bankruptcy Court (the "Bankruptcy Court") so as to be received no later than fifteen (15) calendar days after the date of this Notice (the "Objection Deadline") by: (i) attorneys for the Trustee, Paul G. Jennings and Gene L Humphreys, Bass, Berry & Sims PLC, 21 Platform Way South, Suite 3500, Nashville, TN

1

37203; and (ii) the Office of the Assistant United States Trustee for the Eastern District of Tennessee, ATTN: Tiffany DiIorio, Trial Attorney, 800 Market Street, Suite 114, Knoxville, TN 37902. Likewise, Objections to the relief sought in the Motion to Sell related to the relief to be considered at the Sale Approval Hearing shall be filed and served as above, so as to be received no later than ~~July 23~~August 18, 2026~~, at 5:00 P.M. (Eastern Time)~~ (the "Sale Motion Objection Deadline"). The failure of any person or entity to file a response or objection on or before the Objection Deadline or the Sale Motion Objection Deadline shall be deemed a consent to the 363 Transaction, assumption and assignment of the Contracts, and the other relief requested in the Motion to Sell, and shall bar the assertion, at the Sale Approval Hearing or thereafter, of any objection to the Motion to Sell or the 363 Transaction. ~~The~~

A status Conference on the Sale Approval Hearing is scheduled for **August 20, 2026 at 10:00 a.m.** (Eastern Time).  The Sale Approval Hearing is scheduled for **September 3, 2026, at 9:00 a.m. (Eastern Time).**

If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as will be defined in the Sale Approval Order), the Successful Bidder shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall either be resolved in good faith by the Trustee, the Successful Bidder, and the objecting party, or such disputed portion will be determined by the Court either at the Sale Approval Hearing or such other date as determined by the Court.

If a timely Contract Objection is filed that objects to the assumption and assignment on a basis other than the Cure Amount, the Trustee, the Successful Bidder, and the objecting party shall meet and confer in good faith to attempt to resolve any such objection. If the objection cannot be resolved without judicial intervention, then the objection shall be determined by the Court at the Sale Approval Hearing or such other date as determined by the Court. If the Court determines at such hearing that the Assumable Executory Contract should not be assumed and assigned, then such Executory Contract or Lease shall no longer be considered an Assumable Executory Contract.

**Unless ~~an~~a Contract Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumable Executory Contract and the Cure Amount(s) for your Assumable Executory Contract(s), and you shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtor, its estate, or the Successful Bidder.**

This Notice and Procedures are subject to the full terms and conditions of the Motion to Sell and the Sale Procedures Order, which shall control in the event of any conflict. The Debtor encourages parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

The Successful Bidder shall make its final designation of contracts no later than **August 7, 2026** (the "Designation Deadline"). Even if a contract is designated to be assumed in the Successful Bidder's APA, the Successful Bidder reserves the right to remove it from the assumed list until the Designation Deadline, in which case such contract counterparty will be notified of the removal.

Dated: Nashville, Tennessee
_____, 2026                        Respectfully submitted,

2

BASS, BERRY & SIMS PLC

 /s/ Paul G. Jennings
Paul G. Jennings, BPR No. 014367
Gene L. Humphreys, BPR No. 021807
21 Platform Way South, Suite 3500
Nashville, TN  37203
Tel:  (615) 742-6200
Fax:  (615) 742-6293
pjennings@bassberry.com
ghumphreys@bassberry.com
*Counsel for Chapter 11 Trustee*

50379114.350379114.5

3

| Summary report:<br>Litera Compare for Word 11.13.0.54 Document comparison done on<br>6/24/2026 7:18:00 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://bassberry.cloudimanage.com/bbs/50379114/3 - Exhibit G to Motion to Sell SPC - Assumption and Assignment Notice.docx | |
| **Modified DMS:** iw://bassberry.cloudimanage.com/bbs/50379114/5 - Exhibit G to Motion to Sell SPC - Assumption and Assignment Notice.docx | |
| **Changes:** | |
| Add | 14 |
| Delete | 11 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 25 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 24-31702-SHB** |
| **SALEM POINTE CAPITAL, LLC,** | ) |
| | ) **Chapter 11** |
| **Debtor.** | ) |
| | ) |

**NOTICE OF (I) TRUSTEE'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) RELATED CURE AMOUNTS**

PLEASE TAKE NOTICE THAT:

PLEASE TAKE NOTICE THAT upon the motion (Dkt. 938, the "Motion to Sell"), of Gary M. Murphy, Chapter 11 Trustee (the "Trustee") for Salem Pointe Capital, LLC ("SPC" or the "Debtor"), dated June 4, 2026, the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") has issued an order dated June ___ 2026 (Dkt. ___, the "Sale Procedures Order"): (i) approving certain procedures for the submission and acceptance of any competing bids including a Bid Deadline and an Auction Date (the "Sale Procedures"); (ii) scheduling a hearing (the "Sale Approval Hearing") to approve (a) the sale of substantially all the Debtor's assets (the "Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers; and (b) the assumption, assignment, and sale to the Successful Bidder of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assigned Agreements"); (iii) approving a procedure and notice for assumption and assignment of the Assigned Agreements; (iv) approving the form and manner of notice of the Motion to Sell and the relief requested therein to be considered at the Sale Approval Hearing; and (v) setting a deadline for the filing of objections to the Motion to Sell related to the relief to be considered at the Sale Approval Hearing. Copies of the Motion to Sell may be obtained from the Trustee's counsel below.

The Motion to Sell contemplates, and the proposed order approving the Motion to Sell (the "Sale Approval Order"), if approved, shall authorize the assumption and assignment to the Successful Bidder of certain Contracts and Leases pursuant to Section 365 of title 11, United States Code (the "Bankruptcy Code"). The Debtor maintains a schedule containing Contracts and Leases that the Debtor may assume and assign to the Successful Bidder (collectively, the "Assumable Executory Contracts").

**You are receiving this Notice because you are a party to one or more of the Assumable Executory Contracts. Please review this notice carefully as it affects your rights under your Assumable Executory Contract with SPC. The attached Exhibit 1 contains a list of Assumable Executory Contracts that may be assumed. The Successful Bidder reserves the right to exclude any Assumable Executory Contract from the list of Assumable Executory Contracts to be assumed and assigned by no later than the Designation Deadline discussed below. Please review the Cure Amount on Exhibit 1 to this notice (if any) for your Assumable Executory Contract. If there is no Exhibit 1 to this notice, the Cure Amount is zero. If you agree with the respective Cure Amount on Exhibit 1 and otherwise do not object to the Debtor's assumption and assignment of your Contract, you are not required to take any further action.**

Any Objection to the proposed assumption and assignment of an Assumable Executory Contract (the "Contract Objection"), which would include any objection to the Cure Amount, must be made in writing and filed with the United States Bankruptcy Court (the "Bankruptcy Court") so as to be received no later than fifteen (15) calendar days after the date of this Notice (the "Objection Deadline") by: (i) attorneys for the Trustee, Paul G. Jennings and Gene L Humphreys, Bass, Berry & Sims PLC, 21 Platform Way South, Suite 3500, Nashville, TN 37203; and (ii) the Office of the Assistant United States Trustee for the Eastern District of Tennessee, ATTN: Tiffany DiIorio, Trial Attorney, 800 Market Street, Suite 114, Knoxville, TN 37902. Likewise, Objections to

the relief sought in the Motion to Sell related to the relief to be considered at the Sale Approval Hearing shall be filed and served as above, so as to be received no later than **August 18, 2026** (the "Sale Motion Objection Deadline"). The failure of any person or entity to file a response or objection on or before the Objection Deadline or the Sale Motion Objection Deadline shall be deemed a consent to the 363 Transaction, assumption and assignment of the Contracts, and the other relief requested in the Motion to Sell, and shall bar the assertion, at the Sale Approval Hearing or thereafter, of any objection to the Motion to Sell or the 363 Transaction.

A status Conference on the Sale Approval Hearing is scheduled for **August 20, 2026 at 10:00 a.m.** (Eastern Time).  The Sale Approval Hearing is scheduled for **September 3, 2026, at 9:00 a.m.** (Eastern Time).

If a timely Contract Objection is filed solely as to the Cure Amount (a "Cure Objection"), then the Assumable Executory Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as will be defined in the Sale Approval Order), the Successful Bidder shall pay the undisputed portion of the Cure Amount on or as soon as reasonably practicable after the Assumption Effective Date, and the disputed portion of the Cure Amount shall either be resolved in good faith by the Trustee, the Successful Bidder, and the objecting party, or such disputed portion will be determined by the Court either at the Sale Approval Hearing or such other date as determined by the Court.

If a timely Contract Objection is filed that objects to the assumption and assignment on a basis other than the Cure Amount, the Trustee, the Successful Bidder, and the objecting party shall meet and confer in good faith to attempt to resolve any such objection. If the objection cannot be resolved without judicial intervention, then the objection shall be determined by the Court at the Sale Approval Hearing or such other date as determined by the Court. If the Court determines at such hearing that the Assumable Executory Contract should not be assumed and assigned, then such Executory Contract or Lease shall no longer be considered an Assumable Executory Contract.

**Unless a Contract Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumable Executory Contract and the Cure Amount(s) for your Assumable Executory Contract(s), and you shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtor, its estate, or the Successful Bidder.**

This Notice and Procedures are subject to the full terms and conditions of the Motion to Sell and the Sale Procedures Order, which shall control in the event of any conflict. The Debtor encourages parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

The Successful Bidder shall make its final designation of contracts no later than **August 7, 2026** (the "Designation Deadline"). Even if a contract is designated to be assumed in the Successful Bidder's APA, the Successful Bidder reserves the right to remove it from the assumed list until the Designation Deadline, in which case such contract counterparty will be notified of the removal.

Dated: Nashville, Tennessee
_____, 2026                    Respectfully submitted,

1

BASS, BERRY & SIMS PLC

 /s/ Paul G. Jennings
Paul G. Jennings, BPR No. 014367
Gene L. Humphreys, BPR No. 021807
21 Platform Way South, Suite 3500
Nashville, TN  37203
Tel:  (615) 742-6200
Fax:  (615) 742-6293
pjennings@bassberry.com
ghumphreys@bassberry.com
*Counsel for Chapter 11 Trustee*

2